# In the United States Court of Federal Claims

No. 15–719C

(Filed: September 12, 2016)

```
*************************************
                                    *
TENDER YEARS LEARNING CORP.,        *
                                    *
                Plaintiff,          *   Claim for Bid and Proposal Preparation
                                    *   Costs;  Implied-In-Fact  Contract;  Rule
v.                                  *   15(a)(2) Motion to Amend; Motion to
                                    *   Bifurcate; Motion to Dismiss; Mootness;
THE UNITED STATES,                  *   Damages.
                                    *
                Defendant.          *
                                    *
*************************************
```

*John J. O'Brien*, Cohen Mohr, L.L.P., Washington, D.C., for Plaintiff.

*Douglas G. Edelschick*, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Donald E. Kinner*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Plaintiff Tender Years Learning Corporation ("Tender Years") originally brought this action as a bid protest challenging the Government's decision to cancel a solicitation and to award an interim grant to the incumbent grantee. Tender Years' original complaint sought to enjoin the Government's cancelation of the solicitation and to restore the parties to their pre-cancelation negotiating posture, as well as associated attorneys' fees and costs. The Government has twice moved to dismiss Tender Years' complaint. See Dkt. Nos. 23, 38. Both motions to dismiss are pending.

On May 9, 2016, Tender Years moved to amend its complaint pursuant to Rule 15(a)(2) of the United States Court of Federal Claims ("RCFC") and to bifurcate the issues of entitlement and damages in this case. Tender Years' Proposed Amended Complaint

would seek only damages on an implied-in-fact contract theory.  The Government filed its opposition to Tender Years' motion on June 23, 2016, and Tender Years filed its reply on July 5, 2016.[1]  The Court heard oral argument on the parties' respective motions on September 9, 2016.  After reviewing the parties' arguments in court and in their filings, the Court concludes that justice requires allowing Tender Years to amend its complaint.  The Court further concludes that bifurcating the issues of entitlement and damages would promote judicial economy in this case.  Plaintiff's motions are therefore GRANTED, and Defendant's motions to dismiss are DENIED as moot.

## Background[2]

Tender Years brought this case because it bid for and was denied funding from the Government, through the Department of Health and Human Services ("HHS"), to run a Head Start program in Macon, Bibb, and Monroe Counties in Georgia.  Head Start programs were initiated by the Head Start Act, 42 U.S.C. § 9831 *et seq.*, to "promote the school readiness of low-income children by enhancing their cognitive, social, and emotional development."  42 U.S.C. § 9831.  Pursuant to the Head Start Act, HHS awards grants to qualifying agencies, which then carry out programs according to the Act's guidelines.  See 42 U.S.C. §§ 9833, 9836.  HHS must examine Head Start agencies every five years to determine whether they are continuing to meet the Act's standards.  42 U.S.C. § 9836(c)(7)(A).  If an agency is "delivering a high-quality and comprehensive Head Start program," its grant is renewed for another five-year term.  Id. § 9836(c)(7)(A)(i).  If it is not, then the grantee must compete in an open competition with other bidders to secure a further five-year grant.  Id. §§ 9836(c)(7)(A)(ii); 9836(d)(1).

At the end of its five-year term, Macon-Bibb Economic Opportunity Council, Inc. ("Macon Bibb") – the incumbent grantee for Macon, Bibb, and Monroe Counties in Georgia – received notice from HHS that Macon Bibb was not administering its Head Start program at the required quality level.  Prop. Am. Compl. ¶¶ 12–13.  HHS therefore created an open competition for Head Start grant funding in Macon, Bibb, and Monroe counties, which it publicized via a Funding Opportunity Announcement ("2014 FOA").  Id. ¶¶ 8-18.  Tender Years competed in the 2014 FOA, and HHS notified Tender Years in April 2015 that it was the "preliminary selected awardee."  Id. ¶ 19.a.  Tender Years then began working on plans to transition the Head Start contract from Macon Bibb to itself, and continued to seek information from HHS officials during this process.  Id. ¶ 19.a-c.

---

[1] These filings are referred to herein respectively as "Mot.," "Opp'n," and "Reply."  They are found at Docket Numbers 64, 68, and 69.  Additionally, Plaintiff's Proposed Amended Complaint (Dkt. No. 64 Ex. A) is referred to herein as "Prop. Am. Compl."

[2] The Court draws the facts as stated in the Background section of this Opinion from the Proposed Amended Complaint.  For purposes of the pending motions, these facts are assumed to be true.

Meanwhile, Macon Bibb was undertaking "an intensive public campaign" to reverse HHS's impending final award decision.  Id. ¶ 20.a-b.  After repeated requests and further negotiations failed to clarify Tender Years' award status, see id. ¶ 20, HHS reversed course on June 10, 2015, and decided to "screen out" Tender Years as a potential grantee in the 2014 FOA.  Id. ¶ 21.b.  HHS did not notify Tender Years of its decision until June 23, 2015.  Id. ¶ 26.a.

HHS based its decision on three factors: (1) that Tender Years had no board of directors, (2) that Tender Years did not have the required staff to operate classrooms, and (3) that Tender Years did not have the necessary classroom facilities.  Id. ¶ 26.a.  Tender Years maintains that it did, in fact, have a board, and that it would have had the necessary qualified staff if HHS had not earlier prevented it from contacting Macon Bibb employees. Id. ¶¶ 26.b-c.  Similarly, Tender Years alleges that it had its own classroom facilities and contract partners that would have provided it with further classroom facilities, but HHS prevented Tender Years from entering into contracts with those partners until Tender Years received an official award notification from HHS.  Id. ¶ 26.d.  On July 9, 2015, HHS provided a letter to Tender Years that contradicted the reasoning HHS used in denying Tender Years' bid.  See id. ¶¶ 28–30.  Specifically, the letter evaluated Tender Years' bid in terms of "strengths" and "weaknesses."  Id.  HHS's analysis gave Tender Years strengths and comparatively few weaknesses in the areas HHS eventually used as grounds to deny Tender Years' bid.  Id.

After rejecting Tender Years' bid, HHS canceled the 2014 FOA without selecting a five-year grantee.  Id. ¶ 8.  When HHS does not select a five-year grantee after a solicitation, it must "designate a qualified agency to carry out the Head Start program in the community on an interim basis" until it designates a five-year grantee through another competitive solicitation.  42 USC § 9836(f).  Although Macon Bibb's deficient performance was the reason HHS opened the solicitation in the first place, HHS designated Macon Bibb as the interim grantee.  Prop. Am. Compl. ¶ 8.

Procedural History

Tender Years filed this action seeking to enjoin the interim grant and to reopen the 2014 FOA.  See Compl., Dkt. No. 1.  The Court denied Tender Years' motion for a temporary restraining order on July 20, 2015.  Dkt. No. 17.  The Government then moved to dismiss this case on August 7, 2015, arguing mainly that this Court lacked subject matter jurisdiction over Tender Years' claims because those claims related to a grant, not a procurement within the meaning of 28 U.S.C. § 1491(b)(1).  Dkt. No. 23.  Before the Court ruled on the Government's motion, the Government apprised the Court on September 15, 2015, that it intended to take corrective action by reopening the 2014 FOA and restarting negotiations with Tender Years.  Dkt. No. 36.  The Court therefore stayed proceedings in

this case on September 16, 2015, pending the outcome of those negotiations.  Dkt. No. 37.
The Government then moved once again to dismiss this case on September 21, 2016,
arguing that Tender Years' claims had become moot because the Government had
reopened the 2014 FOA.  Dkt. No. 38.

Meanwhile, Macon Bibb had filed an action against the Government in the United
States District Court for the District of Columbia.  See Macon-Bibb Cnty. Econ.
Opportunity Council v. U.S. Dep't of Heath & Human Servs., No. 15-cv-01850-RBW
(D.D.C.).  In its action, Macon Bibb sought to enjoin the Government's corrective action
and negotiations with Tender Years.  See Dkt. No. 53.  The District Court entered a
preliminary injunction order on November 20, 2015, that enjoined the Government's
corrective action.  Id.  Tender Years, as an intervenor in the District Court action, filed an
appeal to the D.C. Circuit.  Id.  Because the corrective action was the basis for the
Government's mootness argument in its pending motion to dismiss, this Court once again
entered a stay in this action on December 2, 2015.  Id.

After further proceedings in the District Court action, the Government again closed
the 2014 FOA and agreed to award an interim grant to Macon Bibb, so the parties
voluntarily dismissed the District Court action.  See Dkt. No. 62.  Tender Years also
voluntarily dismissed its appeal before the D.C. Circuit.  See Dkt. No. 58.  This Court
therefore lifted the stay on proceedings in this case on May 5, 2016.  Dkt. No. 62.

On May 9, 2016, Tender Years moved to amend its complaint pursuant to RCFC
15(a)(2) and to bifurcate the issues of entitlement and damages.  Dkt. No. 64.  Tender
Years' Proposed Amended Complaint alleges solely implied-in-fact contract damages and
invokes this Court's jurisdiction under 28 U.S.C. § 1491(a)(1).  Tender Years has removed
all bid protest claims in its original complaint that invoked this Court's jurisdiction under
28 U.S.C. § 1491(b)(1).  The Government opposes Tender Years' motion on the grounds
that the proposed amendments would be futile.

## Discussion

## Motion to Amend Complaint

A party may amend its complaint under RCFC Rule 15(a)(2) with the Court's leave,
which should be given "freely . . . when justice so requires."  This language is liberally
construed, and courts generally grant leave to amend if there is no "apparent or declared
reason" not to permit amendment. A & D Auto Sales, Inc. v. United States, 748 F.3d 1142,
1158 (Fed. Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  The Court
should deny leave to amend if there is evidence of delay, bad faith, repeated failure to

correct a complaint's deficiencies, undue prejudice to the opposing party, or if the amendment would be futile.  Id.

Here, there is no evidence of bad faith or undue delay by Tender Years, and this is Tender Years' first request to amend its complaint.  Further, the Government does not argue that it would be unduly prejudiced if Tender Years were granted leave to amend its complaint.  See Opp'n at 16.  Rather, the Government argues that Tender Years should not be granted leave to amend because Tender Years' proposed amendments would be futile.  Therefore, this Court's analysis will focus entirely on whether Tender Years' proposed amendments would be futile.

A proposed amendment is futile if it would not survive a motion to dismiss.  Meyer Grp., Ltd. v. United States, 115 Fed. Cl. 645, 650 (2014).  Accordingly, "the party seeking leave must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion."  Id. (quoting Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V., 464 F.3d 1339, 1354–55 (Fed. Cir. 2006)) (internal punctuation omitted).  Here, the Government argues that the amendment would be futile because it would not survive a motion to dismiss brought under RCFC 12(b)(1) and 12(b)(6).  The Government argues, specifically, (1) that the implied-in-fact contract claims are moot because the Government reopened the 2014 FOA, so this Court lacks subject matter jurisdiction to entertain the claims; (2) that the Proposed Amended Complaint does not state a claim upon which relief can be granted as to the interim award to Macon Bibb, given that Tender Years  does not allege that it even applied for the interim grant; and (3) that the Proposed Amended Complaint does not state a claim upon which relief can be granted to the extent it seeks damages in excess of bid and proposal preparation costs.  The Court will address each of the Government's arguments in turn.

I.      The Court Has Subject-Matter Jurisdiction Over Tender Years' Claims

        A.  Standard of Review

Courts have no subject matter jurisdiction over moot claims.  See CW Gov't Travel, Inc. v. United States, 46 Fed. Cl. 554, 556 (2000) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971)).  Therefore, the Court's analysis of the Government's mootness argument is substantially the same as it would be for a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1).  See Tech. Innovation, Inc. v. United States, 93 Fed. Cl. 276, 278 (2010).  When a defendant files a motion under RCFC 12(b)(1), the Court must "assume all factual allegations to be true and . . . draw all reasonable inferences in plaintiff's favor."  Wurst v. United States, 111 Fed. Cl. 683, 685 (2013) (quoting Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)).  However, a plaintiff must establish that

jurisdiction exists "by a preponderance of the evidence." Id. (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

B.   Plaintiff's Proposed Implied-in-Fact Contract Claims are not Moot

Although mootness is part of the "case or controversy" requirement in Article III of the United States Constitution, see Gerdau Ameristeel Corp. v. United States, 519 F.3d 1336, 1340 (Fed. Cir. 2008), the doctrine also applies in this Article I Court.  See Brookfield Relocation Inc. v. United States, 113 Fed. Cl. 74, 77 (2013).  A case should be dismissed as moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Rice Servs., Ltd. v. United States, 405 F.3d 1017, 1019 n.3 (Fed. Cir. 2005) (citation omitted).  The parties lack such an interest if the defendant's alleged act will not recur, and if intervening events have "completely and irrevocably eradicated the effects of the alleged violation." CW Gov't Travel, 46 Fed. Cl. at 557 (quoting Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).

For example, bid protest actions brought pursuant to this Court's jurisdiction under 28 U.S.C. § 1491(b)(1) may become moot if the government takes corrective action by canceling the challenged procurement and reopening the bidding process.  See, e.g., Savantage Fin. Servs., Inc. v. United States, 118 Fed. Cl. 487, 491 (2014) (finding that defendant's corrective action mooted plaintiff's claim in bid protest).  The corrective action eradicates the effects of an unfair outcome in the bidding process and may allow the plaintiff bidder once again to compete for the government contract at issue.

However, the same cannot be said of claims, like Tender Years', that invoke this Court's jurisdiction under 28 U.S.C. § 1491(a)(1).  Under that Section, this Court has jurisdiction over all claims arising out of "any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  When a bidder submits a bid in a competitive solicitation such as the one at issue in this case, an implied-in-fact contract arises between the bidder and the Government to fairly and honestly consider the bid. FFTF Restoration Co. v. United States, 86 Fed. Cl. 226, 242 (2009).

Contract damages are different from the relief that plaintiffs seek under Section 1491(b)(1) in that they are not easily mooted.  Where a plaintiff competing in a solicitation seeks damages resulting from the government's breach of an implied-in-fact contract under Section 1491(a)(1), the Government's corrective action does not render the plaintiff's claims moot.  Instead, the Government can only moot a breach of contract claim by paying all of the plaintiff's claimed contract damages or performing under the contract in full. See Landram v. United States, 229 Ct. Cl. 855, 856 (1982) ("Defendant has fully performed the contracts and, as such, has forestalled any claim for breach of contract."); cf. Gates v.

Towery, 430 F.3d 429, 432 (7th Cir. 2005) ("To eliminate the controversy and make a suit moot, the defendant must satisfy the plaintiffs' *demands*; only then does no dispute remain between the parties.") (emphasis in original).  This is logical in the context of a solicitation like the 2014 FOA, as canceling and restarting the solicitation does not make a plaintiff's contract damages from the original solicitation evaporate.

Here, the Government argues that canceling the 2014 FOA mooted Tender Years' claims.  See Opp'n at 13.  On the other hand, Tender Years claims that canceling the 2014 FOA was in fact part of the Government's breach of an implied-in-fact contract between the parties with respect to that FOA.  See Prop. Am. Compl. ¶¶ 36–70 (Count II).  The Government's argument might be promising in a bid protest case under Section 1491(b)(1), but it fails here. The Proposed Amended Complaint sounds entirely in contract, and its claims can therefore only be mooted by full payment or full performance under the contract.  There is no indication that either has occurred here.  Tender Years has not been paid, and its entire case rests on the argument that the Government has not fully performed.

The Government further argues that Tender Years has been made whole because Tender Years was allowed to resubmit its proposal in the renewed FOA, so Tender Years did not really suffer any damages because it presumably was able to use some or all of its work product from the original 2014 FOA in the renewed FOA.  See Opp'n at 13.  This argument, however, is not appropriate for contesting jurisdiction; rather, it goes to whether and to what extent Tender Years suffered contract damages.  That is a merits issue in this case.  Accordingly, Tender Years' implied-in-fact contract claims are not moot, and the Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1491(a)(1).

II.    Tender Years' Proposed Amended Complaint Does Not Fail to State a Claim Upon Which Relief May be Granted

A.  Standard of Review

The Government argues that the Proposed Amended Complaint fails to state a claim upon which relief may be granted with respect to Count IV and to Tender Years' damages claims.  See Opp'n at 13–16.  Accordingly, the Court must evaluate the Government's arguments the same way it would on a motion to dismiss for failure to state a claim under RCFC 12(b)(6).  A complaint fails to state a claim upon which relief may be granted within the meaning of RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Briseno v. United States, 83 Fed. Cl. 630, 632 (2008) (citation omitted). The Court also must construe allegations in the complaint favorably to the plaintiff.  See Extreme Coatings, Inc. v. United States, 109 Fed. Cl. 450, 453 (2013).  Still, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted)).

### B. Count IV of the Proposed Amended Complaint States a Claim

The Government argues that Count IV of the Proposed Amended Complaint fails to state a claim because Tender Years did not submit a bid for the interim grant that the Government ultimately awarded to Macon Bibb. See Opp'n at 13–14. In support of its argument, the Government cites cases standing for the well-established principle that damages on implied-in-fact contract claims are limited to actual bidders. See id. at 14; Motorola, Inc. v. United States, 988 F.2d 113, 116 (Fed. Cir. 1993) (per curiam). Tender Years responds that Count IV "is not a separate claim for relief, but rather another instance of how Defendant breached its implied-in-fact contract with [Tender Years]." Reply at 5.

The Court agrees with Tender Years' interpretation. Tender Years does not allege in Count IV that it should have been considered for the interim grant. If it did, then this would be exactly the situation that the Government's cited authorities expressly foreclose. Instead, Tender Years argues that Count IV further shows that the Government acted arbitrarily and capriciously in not fairly considering Tender Years' bid. See Prop. Am. Compl. ¶ 83. These allegations, construed favorably to Plaintiff, simply further develop Plaintiff's implied-in-fact contract claim with respect to the 2014 FOA. Therefore, they do not fail to state a claim upon which relief may be granted.

### C. The Proposed Amended Complaint States a Claim for Damages

The Government next argues that Tender Years' claims for damages "including bid and proposal costs" fail to state a claim upon which relief can be granted. See Opp'n at 15; Prop. Am. Compl. at 45. The Government argues that Tender Years' vague use of the word "including" means Tender Years is seeking damages beyond bid and proposal costs. It is true that, in cases brought pursuant to this Court's jurisdiction under 28 U.S.C. § 1491(a)(1), recovery is limited to bid preparation costs. Excavation Const., Inc. v. United States, 494 F.2d 1289, 1290 (Ct. Cl. 1974). Still, Tender Years does not explicitly seek damages that exceed those costs. Until it does so, the Court finds the Government's argument premature. Therefore, the Proposed Amended Complaint does not fail to state a claim with respect to damages.

## III.   Conclusion

In sum, the Court finds that Tender Years' proposed amendments would not be futile. Further, permitting Tender Years to amend its complaint would serve the interests

of justice within the meaning of RCFC 15(a)(2).  Therefore, Plaintiff's motion to amend its complaint is GRANTED.

An amended complaint supersedes any previous complaints.  See Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1364–65 (Fed. Cir. 2000).  Defendant's two pending motions to dismiss address Plaintiff's original complaint, which will now be superseded by Plaintiff's amended complaint.  See Dkt. Nos. 23, 38.  Therefore, Defendant's motions to dismiss are DENIED as moot.

## Motion to Bifurcate

Tender Years has moved to bifurcate the issues of entitlement, or liability, and damages in this case.  See Mot. at 6–7.  The Court finds that bifurcating these issues would promote judicial economy and would lead to a more efficient resolution of this case.  Plaintiff's motion to bifurcate is therefore GRANTED.

The Clerk is directed to file Plaintiff's Amended Complaint.  Defendant's Answer is due within 14 days, on or before September 26, 2016.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge